**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2325
_____

In re:  REGINALD BURGESS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-18-cv-00694)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 15, 2018

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: June 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Reginald Burgess has filed a petition for a writ of mandamus. The petition will be

denied.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Burgess lives in California. Proceeding pro se, he filed in the U.S. District Court for the District of Delaware ("the District Court") a Complaint against a California company called Title365 and the company's chief executive. It appears that Burgess, among other things, sought "4.5 million dollars or more" in "restitution" under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, asserted various "personal injury torts," and requested that the District Court "step into the stead of [California's Insurance Commissioner] Dave Jones and issue an Order to Show Cause."

The factual narrative allegedly supporting Burgess's claims for relief is far from a model of clarity. But the nub of it all seems to be that Burgess—individually or through one of his Delaware-incorporated companies—owned an interest in real property in Los Angeles, for which title was transferred to Title365 as part of a bankruptcy-related transaction in California that Burgess deemed fraudulent. See, e.g., ECF 2 at 35 ("[N]ot only was bankruptcy estate property seized and effectively stolen, the stolen nature of it was concealed by Title365"). He unsuccessfully pressed a claim in that vein before California's Insurance Commissioner, and over the last 15 or so years he appears to have also challenged the title transfer in federal and state courts in California. See ECF 14 (Dist. Ct. Op.) at 2-3 n.3 (collecting cases).

## II.

In addition to his Complaint, Burgess filed various motions for relief. The District Court denied all motions without prejudice, and transferred Burgess's case to the Central

2

District of California in the "interest[] of justice."[1] The District Court concluded that none "of the events or omissions giving rise to Burgess's claims occurred in Delaware. Clearly, they occurred in California." ECF 14 at 3.

Burgess did not file an appeal. He instead filed this mandamus petition, which is the proper form of action to use in seeking review of a district court's transfer order under § 1404(a). See In re: Howmedica Osteonics Corp., 867 F.3d 390, 399 (3d Cir. 2017); In re United States, 273 F.3d 380, 382-85 (3d Cir. 2001). Burgess requests that we reverse the transfer order. We have jurisdiction to decide whether to grant that relief. See In re United States, 273 F.3d at 383.[2]

In seeking reversal of the transfer order, Burgess primarily argues that the District Court misunderstood the import of the CVRA on this case. Whether the CVRA is implicated here affects the nature of our review of the District Court's order below, so we turn to that issue first.

III.

In addressing the typical mandamus petition, we often observe that mandamus is a drastic remedy available only in the most extraordinary of circumstances. But, as Burgess

---

[1] Cf. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

[2] Our jurisdiction would be impaired if the transferee court (here, the Central District of California) were to proceed with the transferred case. See In re: Howmedica Osteonics Corp., 867 F.3d at 399-400. But there is no indication on the District Court's docket that the transfer has even been effected yet, let alone indications of jurisdiction-stripping docket activity in the Central District of California.

3

correctly observes, see Pet. at 11-12, a more lenient standard of review applies where mandamus is properly sought to vindicate the denial of rights under the CVRA. See 18 U.S.C. § 3771(d)(3); United States v. Kovall, 857 F.3d 1060, 1065 (9th Cir. 2017). Enacted in 2004, the CVRA confers on victims of crimes the rights to, inter alia, reasonable protection from the accused, to notice of (and participation in) relevant court proceedings, to confer with government counsel, and to full and timely restitution as provided in law. See 18 U.S.C. § 3771(a).

Despite his invocation of the CVRA, no relief under that statute was or is available to Burgess, for three fundamental reasons. First, the CVRA may be used only by a "crime victim," a term defined by statute as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia," 18 U.S.C. § 3771(e)(2), and here there is no factual basis from which to conclude that Burgess meets that description. Second, even assuming, arguendo, that Burgess were a bona fide "crime victim," he was required to seek relief under the CVRA in the federal courts in California—where the purported 'crimes' he describes in his filings occurred—not in the District Court and this Court. See 18 U.S.C. § 3771(d)(3) (rights under the CVRA may only be asserted in district court hosting relevant criminal prosecution or, "if no prosecution is underway, in the district court in the district in which the crime occurred"); id. (providing for mandamus review in the court of appeals of district court's denial of CVRA relief, but "court of appeals" being defined in 18 U.S.C. § 3771(e)(1) in

4

pertinent part as "the United States court of appeals for the judicial district in which a defendant is being prosecuted").[3]

Third and finally, insofar as Burgess was attempting to employ the CVRA either as a cause of action for damages, or as means of opening a criminal prosecution, related to the allegedly fraudulent transfer of title in his former property to Title365, he was statutorily barred from doing so. See 18 U.S.C. § 3771(d)(6) (CVRA shall not be construed to either "authorize a cause of action for damages" or "impair the prosecutorial discretion of the Attorney General or any officer under his direction."). The CVRA provides "crime victim[s]" with a procedural mechanism to vindicate the substantive right to restitution from convicted criminals conferred on such victims by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3664. Fed. Ins. Co. v. United States, 882 F.3d 348, 357-58 (2d Cir. 2018); see also 18 U.S.C. § 3771(a)(6) (guaranteeing right to "restitution as provided in law"). There being no convicted criminals or restitution orders relevant to the facts of this case, Burgess could not have been entitled to restitution under the MVRA via the CVRA. Cf. United States v. Monzel, 641 F.3d 528, 540 (D.C. Cir. 2011). Therefore, the CVRA is not legitimately implicated by Burgess's mandamus petition, and we will not review the District Court's order pursuant to the dictates of 18 U.S.C. § 3771(d)(3).

IV.

---

[3] Given our disposition, we need not resolve how, "if no prosecution is underway," 18 U.S.C. § 3771(d)(3), a litigant might obtain mandamus review of an adverse decision under the CVRA by "the United States court of appeals for the judicial district in which a defendant is being prosecuted."18 U.S.C. § 3771(e).

We are thus left to construe Burgess's petition as a typical vehicle for seeking relief of a district court's transfer order under § 1404(a). The District Court transferred the case because of its tenuous connection to Delaware and its myriad connections to California, including that the parties and subject real property were physically located in that State. There is no basis on which to conclude that, in doing so, the District Court committed "a clear and indisputable abuse of discretion or . . . error of law for which mandamus relief is appropriate[.]" In re: Howmedica Osteonics Corp., 867 F.3d at 401 (internal quotations omitted). Accordingly, the mandamus petition will be denied.